JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01848-JLS-ADS                        Date: May 06, 2022
Title:  Joaquin Alvarado v. FCA US LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO
REMAND (Mot. 16)**

Before the Court is a Motion to Remand filed by Plaintiff Joaquin Alvarado. (Mot., Doc. 16.)  Defendant FCA, US LLC opposed, and Plaintiff replied.  (Opp., Doc. 27; Reply, Doc. 28.)  The Court took this matter under submission.  For the following reasons, the Court now GRANTS Plaintiff's Motion.

**I.      BACKGROUND**

In the Superior Court of California (County of Orange), Plaintiff filed a Complaint against FCA US, LLC and Huntington Beach Chrysler Dodge Jeep Ram ("Jeep"). (Declaration of Candace J. Frazier "Frazier Decl.") ¶ 4, Doc. 27-1; Ex. 1 (Complaint) to the Frazier Decl., Doc. 27-1.)  Plaintiff is a resident of California.  (Ex. 1 (Complaint) at ¶ 3, Doc. 27-1.)  Defendant FCA "is a corporation organized and in existence under the laws of the State of Delaware" with its "princip[al] place of business . . . in the State of Michigan."  (*Id.* ¶ 4.)  A request for dismissal was filed as to Jeep on October 6, 2021. (Declaration of Michael Sachs ¶ 10, Doc. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01848-JLS-ADS                    Date: May 06, 2022
Title:  Joaquin Alvarado v. FCA US LLC et al

In the Complaint, Plaintiff alleges that "[o]n or about May 28, 2018" he "purchased a 2018 Jeep Compass vehicle . . . which was manufactured and or distributed by Defendant FCA."  (Ex. 1 (Complaint) at ¶ 9, Doc. 27-1.)  Plaintiff alleges that "[d]uring the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the electrical system," "defects causing the auto start/stop feature to be inoperable," and "defects causing the failure and/or replacement of the main battery and/or auxiliary battery."  (*Id.* ¶ 9.)  Plaintiff alleges that "[s]aid defects substantially impair[ed] the use, value, or safety of the Vehicle."  (*Id.*)  Accordingly, Plaintiff brought suit asserting, among other things, a California Song-Beverly Consumer Warranty Act (the "Act") claims and a claim for fraudulent inducement against FCA.  (*See*, *e.g.*, *id.* ¶¶ 9-29, 35-48.)

Plaintiff asserts that, as a result of the alleged violations, he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (*Id.* ¶ 12.)  Plaintiff also seeks, among other things, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)."  (*Id.* Prayer for Relief.)   Defendant alleges that Plaintiff's actual damages are $35,834.33 based on a "Total Sale Price" of $40,408.88 and after taking into account a $1,3955.55 mileage offset and "the following unrecoverable items:  $250.00 new car cancellation; $179.00 Nitrofill; and [a] $2,750.00 manufacturer's rebate."  (Frazier Decl. ¶ 10, Doc. 27-1; Ex. 2 (Retail Installment Sale Contract) to the Frazier Decl., Doc. 27-1.)

On November 5, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Doc. 1.)

## II.    LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01848-JLS-ADS                    Date: May 06, 2022
Title:  Joaquin Alvarado v. FCA US LLC et al

Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (internal quotation marks omitted).

   **III.    DISCUSSION**


      Plaintiff argues that this Court should remand this action because "Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75.000."  (Mem. at 5, Doc. 16-1.)  A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  Plaintiff does not contest that the parties are diverse; rather, he challenges whether Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction").  "If it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01848-JLS-ADS                                   Date: May 06, 2022
Title:  Joaquin Alvarado v. FCA US LLC et al

1992) (emphasis omitted).  The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here,[1] "is proof by a preponderance of the evidence."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Defendant has failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  Under the Act, damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2).  Here, Defendant contends that the sales contract shows a $40,408.88 purchase price for the vehicle.  (Frazier Decl. ¶ 10, Doc. 27-1.)  However, Defendant has not alleged, either via declaration or otherwise, what amount Plaintiff has actually paid.  As the Act measures damages by, among other things, the "amount equal to the purchase price paid by the buyer," Defendant's actual damage calculations are speculative without such evidence.  Cal. Civ. Code § 1793.2(d)(1); *see also Jackson v. Mercedes-Benz USA*, LLC, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (noting that "a plaintiff's recovery is limited to the actual payment amount to the seller" and "here there are no facts indicating how many payments have been made on the installment contract").

---

[1] In the Complaint, Plaintiff alleges that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (Ex. 1 (Complaint) ¶ 12, Doc. 27-1.)  However, the Complaint does not make clear whether "damages" refers to actual damages or the total damages Plaintiff seeks in this case.  "Defendant's assertion that these damages refer only to actual damages is only an assumption" and "because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint."  *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039,1042 (courts are to "resolve[] all ambiguity in favor of remand to state court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01848-JLS-ADS                    Date: May 06, 2022
Title:  Joaquin Alvarado v. FCA US LLC et al

     Relatedly, Defendant's estimate of civil penalties in this case are also unsupported. Specifically, Defendant's civil penalties estimate is speculative given that civil penalties are based on actual damages, which Defendant has not established by a preponderance of the evidence.  Cal. Civ. Code § 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of actual damages").  Accordingly, Defendant's civil penalty estimate is unsupported.  *Hunter*, 582 F.3d at 1042 (noting that the defendant "always has the burden of establishing that removal is proper" (internal quotation marks omitted)).

     In addition, Defendant's arguments that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorney's fees also fails.  Defendant cites to other cases as support for its argument that "Plaintiff will seek more than $75,000.00 in fees if he prevails at trial."  (Opp. at 9, Doc. 27.)  However, Defendant has failed to explain how those cases are similar to this case or why an award of $75,000 would be appropriate in this case.  *See Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *3.  Therefore, Defendant's estimate of attorneys' fees is similarly unsupported.[2]

IV.    **CONCLUSION**

     For the above reasons, the Court GRANTS Plaintiff's Motion to Remand.  This action is hereby REMANDED to the Superior Court of California (County of Orange), Case No. 30-2021-01208307-CU-BC-CJC.

Initials of Deputy Clerk:  droj

---

[2] Given the Court's ruling above, the Court need not address Plaintiff's arguments that Defendant also failed to appropriately calculate the mileage offsets as required under the Act.